Douglas Q. Hahn, California Bar No. 257559
  dhahn@sycr.com
Salil Bali State Bar No. 263001
  sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Victor G. Hardy (will seek admission *pro hac vice*)
  vhardy@hpylegal.com
HARDY PARRISH YANG, LLP
Spicewood Business Center
4412 Spicewood Springs Rd., Suite 202
Austin, Texas 78759
Phone: (512)520-9407

Attorneys for Plaintiff Preservation Technologies LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> MINDGEEK USA INC. and MINDGEEK S.A.R.L., <br><br> *Defendants*. | Civil Action No.  2:17-cv-08906 <br><br> **COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiff Preservation Technologies LLC ("Preservation" or "Plaintiff"), by and through its attorneys, for its Complaint against Mindgeek USA Inc., and Mindgeek S.A.R.L. (together, "Mindgeek" or "Defendant") hereby alleges as follows:

## I.      NATURE OF THE ACTION

1.      This is a patent infringement action to end Defendant's direct, joint, contributory, and/or induced infringement of Plaintiff Preservation's patented inventions, including but not limited to Defendant's unauthorized and infringing use, sale, offering for sale, manufacture, and/or importation of methods and products incorporating Plaintiff's inventions.

2.      Preservation has obtained all substantial rights and interest to U.S. Patent 5,813,014, U.S. Patent 5,832,499, U.S. Patent 6,092,080, U.S. Patent 6,353,831, U.S. Patent 5,832,495, U.S. Patent 6,477,537, U.S. Patent 6,199,060, U.S. Patent 6,212,527, U.S. Patent 6,549,911, U.S. Patent 6,581,071, and U.S. Patent 6,574,638 (collectively, the "Asserted Patents").

3.      Defendant provides, uses, sells, offers for sale, distributes, manufactures, and/or imports infringing products and services, and encourages others to use its products and services in an infringing manner, including its customers.

4.      Plaintiff Preservation seeks to prevent Defendant from continuing infringement of Plaintiff's patent rights.  Plaintiff further seeks past and future damages and prejudgment and post judgment interest for Defendant's past infringement of the Asserted Patents.

## II.      THE PARTIES

5.      Plaintiff Preservation is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business located at 903 E. 18th Street, Suite 223, Plano, TX 75074.

6.      Upon information and belief, Mindgeek USA Inc. is a corporation organized and existing under the laws of the State of Delaware, with an established

place of business located at 23000 West Empire Avenue, 7th Floor, Burbank California 91504. Upon information and belief, defendant can be served with process by serving its registered agent for service of process in the State of California, CT Corporation System, 818 W 7th Street Suite 930, Los Angeles CA 90017.

7.     Upon information and belief, Mindgeek S.A.R.L. is a Société à responsabilité limitée organized and existing under the laws of Luxembourg, with a place of business located at 32 Boulevard Royal, L-2249 Luxembourg City, Luxembourg.

8.     Herein, "Mindgeek" or "Defendant" refers to Mindgeek USA Inc., and Mindgeek S.A.R.L.,  and all of their parents, subsidiaries, and affiliates.

### III.    JURISDICTION AND VENUE

9.     This is an action for patent infringement, which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283-285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

10.     Upon information and belief, this Court has personal jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400 because, among other things, Mindgeek has established minimum contacts within the forum such that the exercise of jurisdiction over Mindgeek will not offend traditional notions of fair play and substantial justice. For example, Mindgeek has placed products and services that practice and/or embody the claimed inventions of the Asserted Patents into the stream of commerce with the knowledge and/or reasonable expectation that purchasers and users of such products were located within this district. In addition, Mindgeek has sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Asserted Patents. Mindgeek derives substantial revenue from the sale of infringing products distributed within this district, and/or expects or should reasonably expect its actions to have

consequences within this district, and derive substantial revenue from interstate and international commerce.

11.     Venue properly lies in this district under the provisions of 28 U.S.C. § 1400 because Defendant has committed acts of infringement and has a regular and established place of business located at 23000 West Empire Avenue, 7th Floor, Burbank California 91504 in this Judicial District.

## IV.    PLAINTIFF'S PATENTS

12.     On September 22, 1998, United States Patent No. 5,813,014 ("the '014 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets." The invention disclosed by the '014 Patent relates to a multimedia system including components that allow input, information retrieval, and display. The claims of the '014 Patent cover, by way of example only, a method of accessing multimedia data comprising the steps of defining a catalogue, specifying a search request, identifying a result, retrieving a portion of multimedia data, storing the search request, and storing the search result.

13.     On November 3, 1998, United States Patent No. 5,832,499 ("the '499 Patent") was duly and legally issued for a "Digital Library System." The invention disclosed by the '499 Patent relates to a digital library system to capture, access, manage, and distribute multimedia data. The claims of the '499 Patent, by way of example only, a digital library system comprising a data capture system, an access management system, and a distribution system.

14.     On July 18, 2000, United States Patent No. 6,092,080 ("the '080 Patent") was duly and legally issued for a "Digital Library System." The invention disclosed by the '080 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data. The claims of the '080 Patent cover, by way of example only, a digital library system comprising a cataloging system, an access management system, and a distribution system.

LITIOC/2169358v2/105021-0001

15.     On March 5, 2002, United States Patent No. 6,353,831 ("the '831 Patent") was duly and legally issued for a "Digital Library System." The invention disclosed by the '831 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data. The claims of the '831 Patent cover, by way of example only, a digital library system comprising a means for cataloguing multimedia data, a means for managing access, and a means for distributing.

16.     On November 3, 1998, United States Patent No. 5,832,495 ("the '495 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '495 Patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes. The claims of the '495 Patent cover e, by way of example only, a method of cataloguing comprising creating a catalogue, specifying a description, creating a catalogue element, and creating a point to at least one keyword.

17.     On November 5, 2002, United States Patent No. 6,477,537 ("the '537 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets." The invention disclosed by the '537 Patent relates to a multimedia system including components that allow input, information retrieval, and display. The claims of the '495 Patent cover, by way of example only, an application program interface (API) comprising API protocol means comprising a command interface between a first system component and an additional system component comprising means for selecting multimedia data, means for retrieving multimedia data, and means for displaying multimedia data.

18.     On March 6, 2001, United States Patent No. 6,199,060 ("the '060 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets." The invention disclosed by the '060 Patent relates to a

LITIOC/2169358v2/105021-0001

multimedia system including components to allow input, information retrieval, and display. The claims of the '060 Patent cover, by way of example only, a method of interfacing components in a multimedia system comprising defining a generalized protocol, invoking a search request, communicating between at least two components, returning a search response, invoking a retrieval request, and invoking a transmit request.

19.     On April 3, 2001, United States Patent No. 6,212,527 ("the '527 Patent") was duly and legally issued for a "Method and Apparatus for Cataloging Multimedia Data." The invention disclosed by the '527 Patent relates to cataloging of data such as multimedia data. The claims of the '527 Patent cover, by way of example only, a method of managing the quality of a data collection of multimedia data comprising reviewing multimedia data, creating a quality event, and associating the quality event with input data.

20.     On April 15, 2003, United States Patent No. 6,549,911 ("the '911 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '911 Patent relates to cataloguing of data such as multimedia data. The claims of the '527 Patent cover, by way of example only, a method of cataloguing multimedia data comprising specifying a description, creating a catalogue element, creating a plurality of attributes and attribute elements, and creating a plurality of relationships.

21.     On July 17, 2003, United States Patent No. 6,581,071 ("the '071 Patent") was duly and legally issued for a "Surveying System and Method." The invention disclosed by the '071 Patent relates to a survey system wherein multiple versions of a survey may be defined and data from the survey versions may be maintained as cohesive data. Each survey may comprise different sets of questions and different types of answers. The claims of the '071 Patent cover, by way of example only, a

-5-
COMPLAINT

survey method comprising obtaining a schema, obtaining a definition, and capturing responses.

22. On June 3, 2003, United States Patent No. 6,574,638 ("the '638 Patent") was duly and legally issued for a "Surveying System and Method." The invention disclosed by the '638 Patent relates to a survey system wherein multiple versions of a survey may be defined and data from the survey versions may be maintained as cohesive data. Each survey may comprise a different set of questions and different types of answers. The claims of the '638 Patent cover, by way of example only, associating multimedia data with surveying data comprising obtaining an association, searching survey data, and identifying multimedia data.

23. The USC Shoah Foundation, formerly known as Survivors of the Shoah Visual History Foundation, (the "Shoah Foundation") developed the patented technology described in paragraphs 15-25, *supra* (collectively, the "Asserted Patents"). In the mid-1990s, Steven Spielberg founded the Shoah Foundation to preserve the testimonies of the then living 50,000 holocaust survivors before their first a hand accounts of the Holocaust were lost as that generation passed away. The Shoah Foundation's impetus was to gather, catalog, and make available for access thousands of video testimonies. In doing so, the Shoah Foundation sought to build one of the largest video libraries in the world comprising nearly 52,000 video testimonies in 32 languages from 56 countries.

24. In 1996, there was no digital library or other multimedia system that could handle the large volume of video testimonies collected and maintained by the Shoah Foundation, so Samuel Gustman, CTO of the Shoah Foundation and an inventor of the Patents- in-Suit, set out to design one. Gustman created a digital library system that incorporated a unique distributed modular infrastructure and advanced techniques for indexing, accessing, distributing, and surveying multimedia data. The inventions underlying Gustman's system were captured in 11 U.S. patents

-6-
COMPLAINT

that make up the Patents-in-Suit.  Today, these inventions are used to enhance the consumer multimedia streaming experience in nearly every major internet company.

25.     At the time of invention, development of multimedia distribution systems was in its infancy.  Transmission of video and multimedia over existing computer communication networks, including the Internet, struggled with bandwidth and compatibility issues that impeded the development of early multimedia distribution systems.  Liu, Multimedia Over IP: RSVP, RTP, RTCP, RTSP, http://www.cse.wustl.edu/~jain/cis788-97/ftp/ip_multimedia/; Zambelli, A History of Media Streaming and the Future of Connected TV, https://www.theguardian.com/media-network/media-network-blog/2013/mar/01/history-streaming-future-connected-tv

26.     In January 2006, the Shoah Foundation became part of the Dana and David Dornsife College of Letters, Arts and Sciences at the University of Southern California in Los Angeles, where the testimonies in the Visual History Archive are preserved.

27.     Preservation has all substantial rights and interest to the Asserted Patents, including all rights to recover for all past and future infringements thereof.

## V.     DEFENDANT'S ACTS

28.     Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

29.     Upon information and belief, Defendant has infringed and continues to infringe the Asserted Patents by making, providing, selling, offering for sale, using, and/or distributing infringing systems, articles, and methods. Further, Defendant induces and/or contributes to the infringement by one or more third parties, including by way of example only providing and  interacting with software (websites and mobile applications) that issues computerized instructions that enable, support, direct, control, and/or put into use components that practice the claimed inventions.

LITIOC/2169358v2/105021-0001

30.     The infringing Defendant systems, articles, and methods include, but are not limited to, systems, articles, and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to Defendant's software and hardware supporting various Internet websites for streaming video, and related home and mobile device specific applications (the "Accused Systems").  Preservation alleges infringement of the Asserted Patents by the Accused Systems by all of Defendant's websites listed below (and all other Defendant websites not listed below that use the Accused Systems and similar systems, platforms and/or protocols) collectively referred to herein as "Defendant's Accused Websites":

- PornHub.com ("www.pornhub.com")
- YouPorn.com ("www.youporn.com")
- Tube8.com ("www.tube8.com")
- XTube.com ("www.xtube.com")
- ExtremeTube.com ("www.extremetube.com")
- RedTube.com ("www.redtube.com")
- SpankWire.com ("www.spankwire.com")
- KeezMovies.com ("www.keezmovies.com")
- YouPornGay.com ("www.youporngay.com")
- PornMD.com ("www.pornmd.com")
- Brazzers ("www.brazzersnetwork.com")
- Digital Playground ("www.digitalplayground.com")
- Twistys ("www.twistys.com")
- Reality Kings ("www.realitykings.com")
- SexTube.com ("www.sextube.com")
- Beeg.com ("www.beeg.com")
- Mofos.com ("www.mofos.com")
- GayTube.com ("www.gaytube.com")

LITIOC/2169358v2/105021-0001

Preservation, without limitation, explicitly accuses all websites operated, owned, or controlled by Defendant that use the Accused Systems and similar systems, platforms and/or protocols in an infringing manner.

31.     In addition to the foregoing, Defendant also provides related services and associated applications for the above websites including but not limited to mobile applications. Further, Defendant provides specifications and instructions for the installation and operation of infringing systems and articles to its end users and customers and instructs its end users and customers to use the products and software in an infringing manner, including via the enumerated Accused Systems.

### Direct and Joint Infringement

32.     Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

33.     Upon information and belief, Defendant uses, provides and/or distributes infringing systems in this jurisdiction and elsewhere. For example, Defendant provides and/or distributes infringing Accused Systems to its customers and third parties. It uses software and hardware to process queries and requests by third parties. Accused systems used by, put into use by, provided and/or distributed by Defendant include, by way of example only, Defendant's websites and mobile applications and associated computerized instructions, user interfaces, media players, and multimedia.

34.     Upon information and belief, Defendant uses, puts into use, provides software, applications, mobile applications, hardware and/or instructions to third parties including by way of example only its users, CDNs and customers, who download Defendant's software, applications, and/or mobile applications in accordance with Defendant's provided instructions. Defendant's software interacts with Defendant's servers and/or service by communication with and giving and/or receiving instructions, data, and other information to and from Defendant's servers.

LITIOC/2169358v2/105021-0001

35.     Upon information and belief, Defendant exercises control over the devices of its customers and third parties. Defendant's customers and third parties download Defendant's software and/or mobile applications to their devices and Defendant exercises control over those devices by sending computerized instructions, providing user interfaces, and providing protocols to allow its customers and third parties to interact with Defendant's servers and to use Defendant's systems. Defendant controls the interactions between customer and third party devices and its systems in an infringing manner in this jurisdiction and elsewhere.

36.     Upon information and belief, Defendant's employees, in this Judicial District and elsewhere, operate the Accused Systems in an infringing manner, such as by way of example only (1) using the Accused Systems to support websites and applications; (2) putting into use by others (3) demonstrating the Accused System, (4) testing the Accused System, and (5) using the Accused Systems to catalogue multimedia.

37.     All of the above acts constitute acts of direct infringement.

### Induced and Contributory Infringement

38.     Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

39.     Upon information and belief, Defendant's acts described as acts of direct infringement concerning the manufacture, use, offer for sale, sale operation, distribution, and/or installation of Defendant systems and/or software and those described below also constitute acts of induced and contributory infringement.

40.     Upon information and belief, third parties including Defendant customers, users, CDNs and owners within this jurisdiction and elsewhere directly infringe the Asserted Patents and Defendant induces and/or contributes to that infringement. As an example only, end users of Defendant's Accused Websites, including, but not limited to Defendant's pornhub.com website retrieve adult videos,

LITIOC/2169358v2/105021-0001

clips, and other multimedia types by using (and putting into use) the systems and solutions claimed by the Asserted Patents.  Further, users upload multimedia to Defendant's system and catalogue the uploaded multimedia in an infringing manner. Both the software made available at Defendant's websites and instructions provided by Defendant induce users and third parties to use an infringing system and method, and the third parties do in fact infringe.

41.    Defendant induces users and third parties to infringe by providing monetary and/or other compensation, such as for uploading and cataloguing multimedia.

42.    To the extent that some elements of a claim are performed by a different party than Defendant, Defendant, through its software and infringing systems, puts the claimed system of the Asserted Patents into service as described herein and receives a benefit upon performance of steps of the methods of the Asserted Patent. To the extent multimedia is provided by third party servers or networks, Defendant's systems and/or Defendant's customers' systems put these third party systems into use. For example, Defendant provides software instructions downloaded by third parties that put into use the third parties' players and systems. Third parties put into use Defendant's systems by searching for and retrieving multimedia in an infringing manner. Further, Defendant's software establishes the manner and/or timing of the performance of steps of the Asserted Patents, such as establishing the manner and/or timing of user's cataloguing of multimedia.

43.    Upon information and belief, Defendant receives a benefit from such actions by the third parties as it allows Defendant to provide a desirable product or allows the third parties to purchase products and services from Defendant.

44.    Upon information and belief, Defendant provides its customers and/or other third parties instructions, materials, advertisements, services, encouragement, and software to use, load, and/or operate the Accused Systems in an infringing

manner. Sending computerized instructions are acts of control by Defendant on the players of third parties. Upon information and belief, Defendant further induces its customers and third parties to use the Accused Systems by providing subscriptions for the Accused Systems. Defendant has actively induced infringement by its customers and/or third parties in this jurisdiction.

45.     Upon information and belief, Defendant has acted with the specific intent to induce or cause infringement and to conduct acts of infringement as described herein within this jurisdiction and elsewhere. Defendant continues to provide instructions to its customers and third parties to operate the Accused Systems in an infringing manner since having notice and actual knowledge of the Asserted Patents. Defendant's notice and actual knowledge of the Asserted Patents are more fully set forth in paragraphs 53 - 56 below.

46.     Upon information and belief, customers and users of the Accused Systems reside in this jurisdiction and conduct acts of infringement within this jurisdiction. Upon information and belief, Defendant has been and continues to indirectly infringe the Asserted Patents within this jurisdiction and elsewhere in the United States by, among other things, inducing and/or contributing to third parties' infringement of the claims of the Asserted Patents without Plaintiff's authority.

47.     Upon information and belief, Defendant provides, makes, sells, and offers its Accused Systems with the specific intention that its customers and/or other third party direct infringers use the Accused Systems in an infringing manner. Upon information and belief, Defendant provides and instructs third parties to use the Accused Systems in the manner claimed in the Asserted Patents.

48.     Upon information and belief, the Accused Systems have no substantial non-infringing use and is especially made and/or adapted so as to infringe the Asserted Patents.

49.    Upon information and belief, Defendant knows its systems, articles and services are especially made or especially adapted for use in an infringement of the Asserted Patents and not a staple article or commodity of commerce suitable for substantial non-infringing use.

50.    Other than the '071 and '638 Patents, Defendant acquired knowledge of the Asserted Patents no later than September 30, 2014, the date Defendant received Plaintiff's Notice of Infringement letter. Defendant received notice of the '071 and '638 Patents no later than Plaintiff's Notice of Infringement letter of October 3, 2014.

51.    Upon information and belief, Defendant has had notice and actual knowledge of Plaintiff's rights in the Asserted Patents other than the '071 and '638 Patents since at least September 30, 2014.

52.    Upon information and belief, Defendant has had notice and actual knowledge of Plaintiff's rights in the '071 and '638 Patents since at least October 3, 2014.

53.    Defendant has had notice and actual knowledge of the Asserted Patents at least as of the service date of this complaint.

54.    Notwithstanding, Defendant continues to willfully and with specific intent infringe upon and cause others to infringe upon one or more claims of the Asserted Patents.

## <u>COUNT 1</u>

### (Direct and indirect infringement of United States Patent No. 5,813,014)

55.    Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

56.    Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '014 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com is an article of

manufacture comprising computer readable program code for accessing multimedia data comprising code to cause a computer to define a catalogue for multimedia data, code to cause a computer to specify a search request, code to cause a computer to identify a result, code to cause a computer to retrieve multimedia data, and code to cause a computer to store the search request and thus uses the invention covered by at least one claim of the '014 Patent, such as but not limited to claim 21.

57.    Defendant indirectly infringes the '014 Patent by inducing or contributing to the infringement of the '014 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

58.    Defendant does not have a license or permission to use the claimed subject matter of the '014 Patent.

59.    As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '014 Patent, Preservation has been injured and has been caused significant financial damage.

60.    Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

61.    Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '014 patent.  Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

62.    This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

COMPLAINT

LITIOC/2169358v2/105021-0001

63.     As a result of Defendant's infringement of the '014 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 2

### (Direct and indirect infringement of United States Patent No. 5,832,499)

64.     Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

65.     Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '499 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com is an article of manufacture comprising computer readable code configured to cause a computer to search a local cache, cause a computer to retrieve a multimedia data from a remote cache, and cause a computer to retrieve multimedia data from permanent storage and thus uses the invention covered by at least one claim of the '499 Patent, such as but not limited to claim 16.

66.     Defendant indirectly infringes the '499 Patent by inducing or contributing to the infringement of the '499 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

67.     Defendant does not have a license or permission to use the claimed subject matter of the '499 Patent.

68.     As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '499 Patent, Preservation has been injured and has been caused significant financial damage.

LITIOC/2169358v2/105021-0001

69.     Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

70.     Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '499 patent.  Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

71.     This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

72.     As a result of Defendant's infringement of the '499 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 3

**(Direct and indirect infringement of United States Patent No. 6,092,080)**

73.     Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

74.     Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '080 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com includes a digital library system comprising a cataloguing system, an access management

-16-

COMPLAINT

system, and a distribution system and thus uses the invention covered by at least one claim of the '080 Patent, such as but not limited to claim 14.

75. Defendant indirectly infringes the '080 Patent by inducing or contributing to the infringement of the '080 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

76. Defendant does not have a license or permission to use the claimed subject matter of the '080 Patent.

77. As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '080 Patent, Preservation has been injured and has been caused significant financial damage.

78. Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

79. Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '080 patent. Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation. Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

80. This objectively-defined risk was either known or so obvious that it should have been known to Defendant. Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

81. As a result of Defendant's infringement of the '080 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be

LITIOC/2169358v2/105021-0001

less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 4

### (Direct and indirect infringement of United States Patent No. 6,353,831)

82. Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

83. Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com includes a digital library system comprising a means for cataloguing multimedia data, a means for managing access, and a means for distributing multimedia data and thus uses the invention covered by at least one claim of the '831 Patent, such as but not limited to claim 1.

84. Defendant indirectly infringes the '831 Patent by inducing or contributing to the infringement of the '831 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

85. Defendant does not have a license or permission to use the claimed subject matter of the '831 Patent.

86. As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '831 Patent, Preservation has been injured and has been caused significant financial damage.

87. Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

88. Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '831 patent. Defendant had knowledge of the Asserted Patents as set forth above,

LITIOC/2169358v2/105021-0001

having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

89.     This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

90.     As a result of Defendant's infringement of the '831 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 5

### (Direct and indirect infringement of United States Patent No. 5,832,495)

91.     Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

92.     Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '495 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com includes a system for cataloging multimedia data comprising a processing unit, a cataloguing facility, a relationship management facility, and a plurality of index elements and thus uses the invention covered by at least one claim of the '495 Patent, such as but not limited to claim 25.

LITIOC/2169358v2/105021-0001

93.     Defendant indirectly infringes the '495 Patent by inducing or contributing to the infringement of the '495 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

94.     Defendant does not have a license or permission to use the claimed subject matter of the '495 Patent.

95.     As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '495 Patent, Preservation has been injured and has been caused significant financial damage.

96.     Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

97.     Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '495 patent.  Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

98.     This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

99.     As a result of Defendant's infringement of the '495 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

<u>**COUNT 6**</u>

**(Direct and indirect infringement of United States Patent No. 6,477,537)**

100.   Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

101.   Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '537 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com includes an API comprising API protocol means comprising a command interface comprising means for selecting multimedia data, means for retrieving multimedia data, and means for displaying multimedia data and thus uses the invention covered by at least one claim of the '537 Patent, such as but not limited to claim 1.

102.   Defendant indirectly infringes the '537 Patent by inducing or contributing to the infringement of the '537 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

103.   Defendant does not have a license or permission to use the claimed subject matter of the '537 Patent.

104.   As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '537 Patent, Preservation has been injured and has been caused significant financial damage.

105.   Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

106.   Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '537 patent.  Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite

LITIOC/2169358v2/105021-0001

its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

107.   This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

108.   As a result of Defendant's infringement of the '537 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 7

### (Direct and indirect infringement of United States Patent No. 6,199,060)

109.   Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

110.   Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '060 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com includes a computer usable medium having computer readable code configured to cause a computer to define a generalized protocol, invoke a search request, communicate between at least two components, return a search result, invoke a retrieval request, and invoke a transmit request and thus uses the invention covered by at least one claim of the '060 Patent, such as but not limited to claim 14.

111.   Defendant indirectly infringes the '060 Patent by inducing or contributing to the infringement of the '060 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

COMPLAINT

LITIOC/2169358v2/105021-0001

112.   Defendant does not have a license or permission to use the claimed subject matter of the '060 Patent.

113.   As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '060 Patent, Preservation has been injured and has been caused significant financial damage.

114.   Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

115.   Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '060 patent.  Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

116.   This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

117.   As a result of Defendant's infringement of the '060 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 8

### (Direct and indirect infringement of United States Patent No. 6,212,527)

118.   Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

-23-
COMPLAINT

119.   Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '527 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com operates a method of managing multimedia data collection quality comprising reviewing multimedia data, creating a quality event, and associating the quality event with an input data portion of the multimedia data and thus uses the invention covered by at least one claim of the '527 Patent, such as but not limited to claim 1.

120.   Defendant indirectly infringes the '527 Patent by inducing or contributing to the infringement of the '527 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

121.   Defendant does not have a license or permission to use the claimed subject matter of the '527 Patent.

122.   As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '527 Patent, Preservation has been injured and has been caused significant financial damage.

123.   Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

124.   Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '527 patent.  Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

125.   This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

126.   As a result of Defendant's infringement of the '527 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 9

**(Direct and indirect infringement of United States Patent No. 6,549,911)**

127.   Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

128.   Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '911 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com includes an article of manufacture comprising computer readable code configured to cause a computer to specify a description for a portion of multimedia data, create a catalogue element, create a plurality of attribute and attribute elements, and create a plurality of relationships between the catalogue element, attributes, and attribute elements and thus uses the invention covered by at least one claim of the '911 Patent, such as but not limited to claim 14.

129.   Defendant indirectly infringes the '911 Patent by inducing or contributing to the infringement of the '911 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

130.   Defendant does not have a license or permission to use the claimed subject matter of the '911 Patent.

LITIOC/2169358v2/105021-0001

131.   As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '911 Patent, Preservation has been injured and has been caused significant financial damage.

132.   Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

133.   Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '911 patent.  Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

134.   This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

135.   As a result of Defendant's infringement of the '911 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT 10**

### **(Direct and indirect infringement of United States Patent No. 6,581,071)**

136.   Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

137.   Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '071 Patent, as infringement is defined by 35 U.S.C.

LITIOC/2169358v2/105021-0001

§ 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com includes a memory for storing survey information comprising first and second sets of elements stored in memory and thus uses the invention covered by at least one claim of the '071 Patent, such as but not limited to claim 9.

138.   Defendant indirectly infringes the '070 Patent by inducing or contributing to the infringement of the '071 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

139.   Defendant does not have a license or permission to use the claimed subject matter of the '070 Patent.

140.   As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '071 Patent, Preservation has been injured and has been caused significant financial damage.

141.   Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

142.   Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '071 patent.  Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

143.   This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

COMPLAINT

LITIOC/2169358v2/105021-0001

144.   As a result of Defendant's infringement of the '071 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 11

### (Direct and indirect infringement of United States Patent No. 6,574,638)

145.   Preservation restates and realleges each of the allegations set forth above and incorporates them herein.

146.   Defendant, without permission of Preservation, has been and is presently infringing multiple claims of the '638 Patent, as infringement is defined by 35 U.S.C. § 271(a), by making, using, offering to sell, and selling the Accused Systems. By way of example only, Defendant's Accused Websites such as PornHub.com associates multimedia data with survey data comprising obtaining an association between the data, searching the survey data to identify a catalogue element, and identifying multimedia data using the catalogue element and thus uses the invention covered by at least one claim of the '638 Patent, such as but not limited to claim 1. As an example of indirect infringement, end users of the www.pornhub.com website participate in surveys whereby an end user receives and answers one or more questions related to multimedia data (for example, can comment upon and/or rate the adult videos, clips and other media hosted by the website).

147.   Defendant indirectly infringes the '638 Patent by inducing or contributing to the infringement of the '638 Patent, including but not limited to infringement by its customers/consumers, in violation of 35 U.S.C. § 271(b)-(c)&(f).

148.   Defendant does not have a license or permission to use the claimed subject matter of the '638 Patent.

LITIOC/2169358v2/105021-0001

149.   As a direct and proximate result of Defendant's direct, joint, induced, and/or contributory infringement of the '638 Patent, Preservation has been injured and has been caused significant financial damage.

150.   Defendant's aforementioned acts have caused damage to Preservation and will continue to do so unless and until enjoined.

151.   Preservation alleges upon information and belief that Defendant has, knowingly or with willful blindness, willfully infringed one or more claims of the '638 patent.  Defendant had knowledge of the Asserted Patents as set forth above, having been advised of the existence and substance of the Asserted Patents by Preservation.  Defendant acted with knowledge of the Asserted Patents, and, despite its knowledge or despite that it should have known of an objectively high likelihood that its actions constituted infringement of Preservation's valid patent rights, continue to infringe.

152.   This objectively-defined risk was either known or so obvious that it should have been known to Defendant.  Preservation seeks enhanced damages pursuant to 35 U.S.C. § 284 from Defendant.

153.   As a result of Defendant's infringement of the '638 Patent, Preservation has suffered monetary damages. Defendant is thus liable to Preservation in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff Preservation hereby requests a trial by jury on all matters to which it is entitled to trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Preservation respectfully requests that the Court:

COMPLAINT

A.    Enter judgment that Defendant directly infringes, contributes to infringement, or induces others to infringe one or more claims of the Asserted Patents literally and/or under the doctrine of equivalents;

B.    Permanently enjoin Defendant, their agents, servants, and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the Asserted Patents;

C.    Award Plaintiff past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Asserted Patents in accordance with 35 U.S.C. § 284;

D.    Declare this case exceptional pursuant to 35 U.S.C. § 285; and

E.    Award Plaintiff Preservation its costs, disbursements, attorney's fees, and such further and additional relief as deemed appropriate by this Court.

DATE:  December 11, 2017                STRADLING YOCCA CARLSON & RAUTH, P.C.


                                        By:*/s/ Douglas Q. Hahn*_____
                                            Douglas Q. Hahn
                                            Salil Bali

                                        Attorneys for Plaintiff
                                        Preservation Technologies, LLC

-30-
COMPLAINT