Douglas Q. Hahn, CA Bar No. 257559
    dhahn@sycr.com
Salil Bali, CA Bar No. 263001
    sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Victor G. Hardy (admitted *pro hac vice*)
    vhardy@hpylegal.com
William M. Parrish (admitted *pro hac vice*)
    bparrish@hpylegal.com
R. Floyd Walker (admitted *pro hac vice*)
    fwalker@hpylegal.com
HARDY PARRISH YANG, LLP
Spicewood Business Center
4412 Spicewood Springs Rd., Suite 202
Austin, Texas 78759
Phone: (512) 520-9407

Attorneys for Plaintiff Preservation Technologies LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MINDGEEK USA, INC., ET AL.,<br><br>Defendant. | Civil Action No.<br>2:17-cv-08906-DOC-JPR<br><br>**REVISED<br>JOINT RULE 26(F) REPORT**<br><br>Jury Trial Demanded |

1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's November 6, 2018 Order Continuing Scheduling Conference (Dkt. No. 74), Plaintiff Preservation Technologies, LLC ("Preservation") and Defendants MindGeek USA, Inc., MindGeek S.A.R.L., MG Content RK Ltd., MG Content DP Ltd., MG Freesites Ltd., and MG Freesite II Ltd. (collectively, "MindGeek" or "Defendants"), by and through their respective counsel of record, conferred, starting on November 6, 2018, and discussed the various procedural and substantive matters pertinent to the instant litigation and hereby jointly submit this Joint Rule 26(f) Report and this Agreed Schedule.

## I.    NATURE AND BASIS FOR CLAIMS AND DEFENSES

This case is a lawsuit for the alleged infringement of the following eleven U.S. Patent Nos. 5,813,014 (the "'014 Patent"); 5,822,499 (the "'499 Patent"); 6,092,080 (the "'080 Patent"); 6,353,831 (the "'831 Patent"); 6,574,638 (the "'638 Patent"); 6,199,060 (the "'060 Patent"); 5832,495 (the "'495 Patent"); 6,549,911 (the "'911 Patent"); 6,212,527 (the "'527 Patent"); 6,581,071 (the "'071 Patent"); 6,477,537 (the "'537 Patent) (collectively, the "Patents-in-Suit"). The Patents-in-Suit have all expired. Preservation contends it owns all substantial rights and interest in the Patents-in-Suit, including all rights to recover for all past infringement of the Patents-in-Suit.

Preservation alleges that the Defendants have infringed each of the Patents-in-Suit. Preservation contends that it has been damaged by Defendants' alleged infringement. Preservation seeks monetary damages.

Defendants deny infringement and respond that the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103 and 112, among other defenses they will assert. Defendants also will assert that this case is exceptional for Preservation's, *inter alia*, alleged due diligence failures and alleged assertion of ineligible, expired patents, and will seek their attorney's fees and costs.

## II.   SHORT SYNOPSIS OF THE PRINCIPAL ISSUES

This is an action for patent infringement. The principal issues are likely to be as follows:

1.     Whether Defendants have infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a);

2.     Whether the Patents-in-Suit are invalid for failing to meet the conditions for patentability and satisfy all of the requirements set forth in the provisions of 35 U.S.C. §§ 101, 102, 103, and 112;

3.     Whether Defendants should prevail on any of their affirmative or other defenses to infringement;

4.     The proper construction of selected claim terms in the asserted claims of the Patents-in-Suit;

5.     Whether the patentee is entitled to damages before filing of the lawsuit;

6.     If one or more of the Patents-in-Suit is infringed and valid, the amount of Preservation's damages under 35 U.S.C. § 284; and

7.     Whether attorneys' fees, costs, or expenses are recoverable under 35 U.S.C. §§ 284 and/or 285.

## III.   AMENDMENT OF PLEADINGS

The deadline to amend pleadings with leave of Court is set forth in the enclosed Schedule A.

## IV.   ISSUES TO BE DETERMINED BY MOTION

Defendants will file a Rule 12(c) motion for judgment on the pleadings relating to patent ineligibility under 35 U.S.C. § 101. The Parties have worked cooperatively to work out an agreed briefing schedule regarding these items, enclosed in Schedule A.

The parties anticipate that each Party may file a motion for summary judgment as to liability at the appropriate time. In addition, the Parties reserve the

-3-

1  right to file additional motions as the case develops and the need arises, including

2  by Defendants as to e.g., standing.

3  **V.    ISSUES AFFECTING MANAGEMENT OF THE CASE**

4         The parties have agreed to the scheduling of dates for this litigation as set

5  forth in Schedule A.

6         At the November 5, 2018 Scheduling Conference the Court granted

7  Plaintiff's oral motion to consolidate the cases for all purposes, including trial.

8         The parties have worked cooperatively to streamline management of the

9  case. The parties have agreed that non source code technical documents will be

10 produced in advance of source code review in order to make source code review

11 more efficient. The parties have agreed that early in the case, i.e. 90 days after

12 complete source code and necessary technical materials have been provided as set

13 forth in the schedule attached as Schedule "A", Plaintiff will voluntarily limit the

14 number of claims at issue and provide early final infringement contentions, in

15 accordance with the attached proposed Schedule.

16        Furthermore, the parties have agreed to briefing schedules for claim

17 construction and Defendants' anticipated 35 U.S.C. §112 motion, for Defendants'

18 anticipated Rule 12(c) motion for judgment on the pleadings regarding 35 U.S.C.

19 §101, and for motions for summary judgment.  The parties believe that the

20 proposed briefing and hearing schedule will aid efficient administration of the

21 case.

22        The parties agree that each side may file a single omnibus motion for

23 summary judgment at the appropriate time, including without limitation as to

24 infringement, non-infringement, validity, invalidity and damages. Similarly, for

25 purposes of briefing, the Defendants will submit a single brief for all Defendants.

26 The Defendants collectively shall be considered a single party for purposes of this

27 scheduling order. The parties will seek an enlargement of the Court's page limits

28 for such motions.

## VI.   STATEMENT REGARDING SETTLEMENT DISCUSSIONS AND ADR

The parties have engaged in preliminary settlement discussions, but these efforts have not been successful. The parties agree to conduct additional settlement discussions if there is reason to believe that such discussions would be useful, and agree to mediation before a private mediator in line with Local Rule 16-15.4, ADR Procedure No. 3.

## VII.   DISCOVERY PLAN

### A.   Discovery Phases

The parties' proposed timing of pre-trial deadlines, including when disclosures are due and when discovery should be completed, is set forth in the Schedule of Pretrial and Trial Dates attached hereto as Schedule A.

### B.   Limitations on Discovery

The parties agree that the discovery limits set forth below may be modified by agreement of the parties or motion to the Court for good cause shown.

1.   *Interrogatories*: Preservation may serve up to thirty-three (33) interrogatories on Defendants. Defendants shall be allowed to serve up to thirty-three (33) interrogatories on Preservation.

2.   *Requests for Production*: The parties agree that there shall be no limit on the number of Requests for Production.

3.   *Requests for Admissions*: Except as indicated below, Preservation may serve up to fifty (50) requests for admission on Defendants, and Defendants likewise shall be allowed fifty (50) requests for admission. Prior to serving any request for admission regarding the authenticity of documents, each party agrees to request that the opposing party stipulate to the authenticity of all such documents. If the opposing party fails to stipulate to the authenticity of all such documents within two weeks of such request, the requesting party may serve on the opposing party requests for admission on all documents whose authenticity has not been

-5-

stipulated. The parties are allowed an unlimited number of requests for admission regarding the authenticity of documents.

4. *Depositions of Parties Pursuant to Fed. R. Civ. P. 30(b)(6), third parties, and Employees of a Party Pursuant to Fed. R. Civ. P. 30(a)(1):* Preservation and Defendants may take up to eighty-five (85) hours of deposition testimony. These total time limits, applicable to Preservation and Defendants, do not apply to depositions of the other side's experts, or to third-party witnesses.

The parties expect to request Special Master O'Brien to address any issues relating to the duration of depositions for 30(b)(6) witnesses.

5. *Testifying Experts*: The parties agree that by the dates provided in Schedule A attached hereto, each party shall make the expert witness identifications and disclosures required under Federal Rule of Civil Procedure 26(a)(2).

6. *Depositions of Experts*: Expert deposition time will not be counted in the deposition limits set forth in Paragraph VII.B.4, but will be limited to seven (7) hours per expert report. For purposes of this paragraph, rebuttal reports by an expert are counted with the expert's principal report on that subject as one report.

8. *Expert Discovery*: The proposed timing of identification and disclosures is set forth in the Schedule of Pretrial and Trial Dates attached hereto as Schedule A, and supplemented as follows. A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) or declarations in support of any motions in this case are exempt from discovery. In addition, all communications with a testifying expert with respect to his or her work on this case are exempt from discovery unless relied upon by the expert in forming his or her opinions. Nothing in the above sentences should preclude opposing counsel from obtaining any facts, data, or assumptions the expert is relying on in forming his or her opinion, including that coming from counsel, or from otherwise inquiring fully of an expert into what facts, data, or assumptions

1   the expert considered, or into the bases and validity of the expert's opinions, as set

2   forth in Fed. R. Civ. P. 26(a)(4)(c).

3         9.      *E-Discovery*: The parties agree to submit a Proposed Order Regarding

4   Discovery of Electronically Stored Information ("ESI Protocol"), at the time of

5   submitting a Proposed Protective Order (discussed below).

6         10.     *Source Code*: The parties also agree to submit a Proposed Order

7   Regarding Source Code ("Source Code Order"), at the time of submitting a

8   Proposed Protective Order.

9         11.     *Special Master*: Robert C. O'Brien has been appointed as Special

10  Master in this case. Dkt. No. 77.  He shall be responsible, as the case necessitates

11  and/or the Court requests, to referee discovery disputes.

12  **VIII.  TRIAL**

13        The parties request a jury trial. The parties estimate that a consolidated trial

14  against all Defendants will take 8 days.

15  **IX.     PROPOSED, SPECIFIC DATES FOR LITIGATION**

16        The parties' proposed pretrial deadlines are set forth in the Schedule of

17  Pretrial and Trial Dates attached hereto as Schedule A.

18  **X.      OTHER TOPICS UNDER RULE 26(f)**

19  **A.      Rule 26(f)(3)(A):**

20  **Timing, Form and Disclosure Requirements**

21        1.      *Initial Disclosures*: By the date set forth in the attached Schedule A,

22  and without awaiting a discovery request, each party shall disclose in lieu of and in

23  satisfaction of Rule 26(a)(1) to the opposing party the following information:

24        (a)     The correct names of the parties to the lawsuit;

25        (b)     The name, address, and telephone number of any potential parties;

26        (c)     The name, address, and telephone number of persons having relevant

27  knowledge of relevant facts, a brief statement of each identified person's

28  connection with the case, and a brief, fair summary of the substance of the

1  information known by such person;

2  (d) A copy – or a general description and location – of all documents,

3  electronically stored information, and tangible things that the disclosing party has

4  in its possession, custody, or control and may use to support its claims or defenses,

5  unless the use would be solely for impeachment

6  (e) Any indemnity and insuring agreements under which any person or

7  entity may be liable to satisfy part or all of a judgment entered in this action or to

8  indemnify or reimburse for payments made to satisfy the judgment.

9  **B. Rule 26(f)(3)(B):**

10  Discovery Subjects, Phases or Limitations, Completion Date

11  Reserving each party's right to object to any discovery served by the

12  opposing party, and without waiver of or prejudice to those rights, the parties set

13  forth below the subjects on which they currently intend to take discovery,

14  according to the above discovery plan set forth in Schedule A:

15  1. Prosecution of the Patents-in-Suit;

16  2. Construction of the terms in any asserted claims of the Patents-in-Suit;

17  3. Validity/Invalidity and indefiniteness of the Patents-in-Suit;

18  4. Infringement/non-infringement of the Patents-in-Suit;

19  5. Willful infringement;

20  6. Defendants' affirmative and other defenses;

21  7. The extent and appropriate measure of damages;

22  8. All discovery exchanged in Preservation's prior litigations on the

23  Asserted Patents, including third party discovery;

24  9. Preservation's standing and all entities having any rights, title and/or

25  interests in the Asserted Patents;

26  The parties agree that the subjects of discovery may ultimately encompass

27  all claims and defenses alleged in the pleadings. Discovery is in the very early

28

-8-

stages and the parties reserve the right to seek discovery on additional topics if and when warranted by the facts and circumstances of the case.

The parties agree that service via electronic transmission to the email addresses for all counsel of record for that party, or any other agreed-upon email address, shall constitute proper service, per Federal Rule of Civil Procedure 5(b)(2)(E).

### C. Privilege and Work Product Issues

The parties propose that communications or other material, which would otherwise need to be logged because it is being withheld from discovery on the grounds that it is immune from discovery under a privilege or immunity, need not be logged if that material is (1) communication or material exchanged with in-house or outside counsel or among counsel of a party, or work product prepared in anticipation of or for this litigation occurring on or after December 12, 2017; and (2) communication or material exchanged with in-house or outside counsel, or work product prepared, from, for or in anticipation of other litigation involving any of the Patents-in-Suit.

### D. Other Discovery Limitations

Plaintiff may be in possession of confidential material provided by other third parties in connection with other litigation involving the patents in suit. That material is subject to confidentiality agreements and or to Protective Orders entered in the other litigation. To the extent that a dispute arises as to how that material is to be handled, the parties expect to request Special Master O'Brien to address the issue.

### E. Protective Order/Scheduling Orders Needed

The parties agree that a Protective Order is needed in this case. The parties are negotiating the terms of a Protective Order and will submit a Proposed Protective Order, including any disputed provisions, to the Court for its approval or decision by the deadline set forth in Schedule A.

**F.    Source Code Production**

Production of source code will generally be governed by the terms of the Protective Order and Order Regarding Source Code, the details of which will be negotiated with the Special Master prior to entry by the Court in this case, including that Defendants' source code shall be made available for inspection in Defendants' Counsel's New York office.  In addition to any requirements therein, the parties agree that ten (10) days after the production of any relevant database schema, which is expected to occur as part of the non-source code technical production set forth in Schedule A, the parties will meet and confer regarding a reasonable scope of source code and other data that will be made available for inspection during the source code review.  Furthermore, the parties agree to meet and confer twenty (20) days after the start of source code review to discuss the completeness of the production of source code and other data.  In addition to the scheduled meet & confers above, at any time a party can request a meet and confer to discuss source code production issues.  To the extent that the parties are unable to resolve any disputes in this regard, the parties agree to bring any such dispute before Special Master O'Brien for resolution.  Nothing in this paragraph waives the right of any party to bring other discovery disputes, including those related to source code production, to the attention of the Special Master.

The parties also anticipate addressing with Special Master O'Brien any disputes regarding the time period during which source code must be available.

**XI.    OTHER TOPICS UNDER L.R. 26-1**

(a)    Complex Cases: The parties agree that this case is not sufficiently complex to justify utilization of any of the procedures of the Manual for Complex Litigation.

(b)    Motion Schedule: addressed above.

(c)    Settlement: addressed above.

(d)    Time estimate: addressed above.

-10-

(e)     Additional parties: addressed above.

(f)     Expert witnesses: addressed above.

DATE: January 9, 2019          HARDY PARRISH YANG LLP

                               By: /s/ R. Floyd Walker
                                   Victor G. Hardy (admitted *pro hac vice*)
                                   William M. Parrish (admitted *pro hac vice*)
                                   Floyd Walker (admitted *pro hac vice*)

                               STRADLING YOCCA CARLSON &
                               RAUGHT, P.C.
                               Douglas Q. Hahn
                               Salil Bali

                               *Attorneys for Plaintiff Preservation Technologies, LLC*

DATE: January 9, 2019          VENABLE, LLP

                               By: /s/ Ralph A. Dengler (with permission)
                                   Sarah S. Brooks
                                   Frank M. Gasparo (Admitted *Pro Hac Vice*)
                                   Ralph A. Dengler (Admitted *Pro Hac Vice*)
                                   Todd M. Nosher (Admitted *Pro Hac Vice*)

                               *Attorneys for Defendants MindGeek USA Inc. et al.*

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(A)(2)(1), I hereby certify that the content of this document is acceptable to counsel for Defendants, MindGeek USA, Inc., et al. and I have obtained his authorization to affix his electronic signature to this document.

                               /s/ Douglas Hahn
                               Douglas Hahn

-11-

# SCHEDULE A

## [PROPOSED] PRETRIAL AND TRIAL DATES

Case Name: *Preservation Technologies LLC v. MindGeek USA Inc., et al.*

Case No.: 2:17-cv-08906-DOC-JPR

| Event or Deadline | Parties' Agreed Dates |
|---|---|
| Second Rule 16 Conference | 1/09/19 |
| Parties to comply with Rule 26(f) Report Section X(A)(1) – Initial Disclosures | 1/25/19 |
| Parties to submit an agreed Protective Order, ESI Protocol and Source Code Order. [If full agreement cannot be reached, a joint submission showing agreed provisions of these, along with sections showing the parties' competing disputed provisions] | 1/25/19 |
| Deadline to Complete Production of Responsive Non-Source Code Technical Discovery described in Plaintiff's First Set of Requests for Production, served Sept. 13, 2018 and due November 15, 2018.<br><br>Deadline to identify Accused Websites that share a common code base/platform and to confer on representative versions of the source code of the Accused Websites. | 3/01/19 |
| Deadline for Plaintiff to complete production of documents requested in Defendants' "First Set of requests For Production, Nos. 1-31" served on October 15, 2018. | 3/01/19 |
| Date for Defendants to make complete Source Code production (including necessary data structures and configuration files and documents describing the APIs and API commands used by the Accused Devices subject to Section F above) relating to websites that are part of the PornHub Network[1] (and their premium versions) available for inspection, subject to a P.O. being in place. | 3/11/19 |

---

[1] The "PornHub Network" includes PornHub, Pornhub Select, YouPorn, RedTube, Tube8, PornMD, Thumzilla, XTube, including premium versions, gay variants, supporting websites, and related websites.

| Event or Deadline | Parties' Agreed Dates |
|---|---|
| Date for Defendants (and Plaintiff if applicable) to make complete Source Code production (including necessary data structures and configuration files and documents describing the APIs and API commands used by the Accused Devices subject to Section F above) for the remaining Accused Websites available for inspection, subject to a P.O. being in place. | 4/22/19 |
| Plaintiff to serve Final Infringement Contentions (FICs) [claims to be further limited before trial] | 90 days after completion of source code review and production of all necessary source code, data structures and data to understand the operation of the accused devices. |
| Defendant to Serve Final Invalidity Contentions | 45-days after service of Plaintiff's FICs |
| Deadline to add parties | 7/01/19 |
| Deadline to amend pleadings without leave of Court | 7/01/19 |
| Plaintiff to serve Final Election of no more than 40 Asserted Claims (from within the set of claims in its Final Infringement Contentions) | 14-days after Final Invalidity Contentions |
| Parties to exchange Proposed Terms for Construction for the 40 elected claims | 10-days after Final Election of Asserted Claims |
| Parties to exchange Preliminary Claim Constructions, and intrinsic and extrinsic support, including experts. | One week after exchange of proposed terms for construction of the 40 elected claims |
| Parties to meet and confer on proposed constructions | One week after above referenced exchange of Preliminary Claim Constructions |
| Parties to file a Joint Claim Construction and Prehearing Statement identifying: (i) the construction of those terms on which the parties agree; and (ii) each party's proposed construction of the disputed terms; and (iii) parties to identify experts to be used in claim construction and 112 briefing [the P.O. will set forth procedure for | 30-days after exchange of Preliminary Claim Constructions |

SCHEDULE A

| Event or Deadline | Parties' Agreed Dates |
|---|---|
| objecting] | |
| Plaintiff to file and serve Opening Claim Construction Brief on the 40 elected claims, including supporting evidence and any expert declaration in support | 5 weeks from filing Joint Claim Construction and Prehearing Statement referenced above |
| Defendants to file and serve Responsive Claim Construction Brief, including supporting evidence and any declarations in support, and motion to dismiss on §112 issues | 4 weeks from service of Opening Claim Construction Brief |
| Plaintiff to file and serve Reply Claim Construction Brief, including supporting evidence and any declarations in support and opposition to indefiniteness motion | 30-days from service of Defendants' Responsive Claim Construction Brief |
| Damages related discovery opens | 30-days after Reply CC Brief |
| Deadline to Identify Rule 26(A)(2) experts on non-damages issues [procedures for objecting to be set forth in P.O.] | 30-days after Reply CC Brief |
| Deadline to Identify Rule 26(A)(2) experts on damages issues[procedures for objecting to be set forth in P.O.] | 60-days after Reply CC Brief |
| **Close of Fact Discovery** | **8/21/20** |
| Expert Reports (where party bears the burden of proof on an issue) | 180-days after damages related discovery opens |
| Rebuttal Expert Reports (where party does not bear the burden of proof on an issue) | 30-days after receipt of opposing party's expert report |
| Reply Expert reports, if allowed by Special Master | TBD by Special Master |
| **Close of Expert Discovery** | **2/12/21** |
| Defendants to file Rule 12(c) motion on §101 grounds against the 40 elected claims [same page limits as previously agreed] | 4/01/21 |
| Plaintiff's Opposition to Rule 12(c) motion on §101 grounds | 5/14/21 |
| Defendants' Rule 12(c) motion Reply | 6/11/21 |
| | |
| Parties to file opening Summary Judgment Motions | 120-days after close of Expert Discovery |
| Parties to Oppose Summary Judgment Motions | 40-days after receipt of |

| Event or Deadline | Parties' Agreed Dates |
| --- | --- |
|  | opposing side's motion for summary judgment |
| Parties to File Reply Papers on Summary Judgment Motions | 21-days after receipt of opposition briefs |
| **Hearings on *Markman*, Rule 12(c) and Summary Judgment related Motions** | **11/08/21** |
| **Final Motion Cut-off Date** | **11/08/21** |
| **Pretrial Conference** | **3/14/22** |
| **Trial** | **4/12/22** |

SCHEDULE A